**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LEWIS, | ) No. C 08-3009 MMC (PR) |
| Petitioner, | ) |
| | ) **ORDER DENYING PETITION FOR** |
| v. | ) **WRIT OF HABEAS CORPUS;** |
| | ) **DENYING CERTIFICATE OF** |
| BEN CURRY, Warden, | ) **APPEALABILITY** |
| Respondent. | ) |
| _____ | ) |

On June 18, 2008, petitioner, a California prisoner incarcerated at the Correctional Training Facility, Soledad, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2007 decision by the California Board of Parole Hearings ("Board") to deny petitioner parole. Respondent filed an answer to the petition, and petitioner filed a traverse.

Subsequently, the Ninth Circuit issued its decision in <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th Cir. 2010) (en banc), which addressed important issues relating to federal habeas review of Board decisions denying parole to California state prisoners. After the parties filed supplemental briefs explaining their views of how the <u>Hayward</u> en banc decision applies to the facts presented in the instant petition, the United States Supreme Court filed its opinion in <u>Swarthout v. Cooke</u>, 131 S. Ct. 859 (2011) (per curiam), which opinion clarifies the constitutionally required standard of review applicable to petitioner's due process claim

herein.

For the reasons discussed below, the petition will be denied.

## BACKGROUND

In 1989, in the Superior Court of Los Angeles County, petitioner pleaded guilty to murder and admitted the use of a firearm. He was sentenced to a term of twenty-seven years to life in state prison. The conviction was affirmed on appeal, and the California Supreme Court denied review.

Petitioner's first parole suitability hearing, which is the subject of the instant petition, was held on February 27, 2007. At the conclusion of the hearing, the Board, after having reviewed the facts of the commitment offense, petitioner's social and criminal history, his employment, educational and disciplinary history while incarcerated, and his mental health reports, found petitioner was not yet suitable for parole and would pose an unreasonable risk of danger to society or threat to public safety if released from prison. (Resp't Answer to Order to Show Cause ("Answer") Ex. 1 (Super. Ct. Pet.) Ex. A (Transcript of Parole Board Hearing) at 83-89.)[1]

After he was denied parole, petitioner filed a habeas petition in the Superior Court, challenging the Board's decision. In a reasoned order filed December 21, 2007, the Superior Court denied relief, finding the Board properly applied state parole statutes and regulations to find petitioner unsuitable for parole, and that some evidence supported the Board's decision. (Answer Ex. 2 at 1-2.) The Superior Court further found the Board did not err by denying petitioner parole for three years, and that the terms of petitioner's plea agreement were not violated by the Board's denial. (Id. at 2.) Petitioner next filed a habeas petition in the California Court of Appeal. On March 6, 2008, the Court of Appeal summarily denied the petition. (Answer Ex. 4.) Petitioner then filed a petition for review in the California Supreme Court; the petition was summarily denied on May 14, 2008. (Answer Ex. 6.)

---

[1] Unless otherwise noted, all references herein to exhibits are to exhibits submitted by respondent in support of the Answer.

Petitioner next filed the instant petition, in which he claims the Board did not provide him with a hearing that met the requirements of federal due process. In particular, petitioner claims the following: (1) the Board's decision that petitioner's release would pose an unreasonable risk to public safety was not supported by some evidence, (2) the Board relied solely on the commitment offense to justify the denial of parole, (3) the Board re-characterized the commitment offense and, consequently, the Board's findings are inconsistent with the evidence, (4) the Board speculated as to the motive for the commitment offense, and (5) the Board wrongly decided to deny parole for a three-year period, rather than a shorter period, based on the same facts it used to support its decision to deny parole. Additionally, petitioner claims the Board's denial of parole violates the terms of petitioner's plea agreement.

## DISCUSSION

A. Standard of Review

A federal district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see Williams (Terry) v. Taylor, 529 U.S. 362, 409-13 (2000). Section 2254(d) applies to a habeas petition filed by a state prisoner challenging the denial of parole. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

Here, as noted, both the California Court of Appeal and the California Supreme Court summarily denied review of petitioner's claims. The Superior Court thus was the highest state court to address the merits of petitioner's claims in a reasoned decision, and it is that

3

decision which this Court reviews under § 2254(d). See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005).

B.  Petitioner's Claims

   1.  Due Process Claim

Under California law, prisoners serving indeterminate life sentences, like petitioner here, become eligible for parole after serving minimum terms of confinement required by statute. In re Dannenberg, 34 Cal. 4th 1061, 1078 (2005). Regardless of the length of time served, "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal. Code Regs. tit. 15 ("CCR"), § 2402(a). In making the determination as to whether a prisoner is suitable for parole, the Board must consider various factors specified by state statute and parole regulations. In re Rosenkrantz, 29 Cal. 4th 616, 654 (2002); see CCR § 2402(b)–(d). When a state court reviews a Board's decision denying parole, the relevant inquiry is whether "some evidence" supports the decision of the Board that the inmate poses a current threat to public safety. In re Lawrence, 44 Cal. 4th 1181, 1212 (2008).

As noted, petitioner contends (1) the Board's decision that petitioner's release would pose an unreasonable risk to public safety was not supported by some evidence, (2) the Board relied solely on the commitment offense to justify the denial of parole, (3) the Board re-characterized the commitment offense and, consequently, the Board's findings are inconsistent with the evidence, (4) the Board speculated as to the motive for the commitment offense, and (5) the Board wrongly denied parole for a three-year period, rather than a shorter period, based on the same facts it used to support its decision to deny parole. All of these contentions constitute a single claim that petitioner's federal constitutional right to due process was violated by the Board's decision to deny him a parole date.

Federal habeas corpus relief is unavailable for an error of state law. Swarthout v. Cooke, 131 S. Ct. 859, 861 (per curiam) (2011). Under certain circumstances, however, state law may create a liberty or property interest that is entitled to the protections of federal due process. In particular, while there is "no constitutional or inherent right of a convicted

4

person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be granted when, or unless, certain designated findings are made, and thereby give rise to a constitutionally protected liberty interest. See id. at 11-12. The Ninth Circuit has determined California law creates such a liberty interest in release on parole. Cooke, 131 S. Ct. at 861-62.

When a state creates a liberty interest, the Due Process Clause requires fair procedures for its vindication, and federal courts will review the application of those constitutionally required procedures. Id. at 862. In the context of parole, the procedures necessary to vindicate such interest are minimal: a prisoner receives adequate process when "he [is] allowed an opportunity to be heard and [is] provided a statement of the reasons why parole was denied." Id. "The Constitution," [the Supreme Court has held], "does not require more." Id.; see Pearson v. Muntz, No. 08-55728, --- F.3d ---, 2011 WL 1238007, at *5 (9th Cir. Apr. 5, 2011) ("Cooke was unequivocal in holding that if an inmate seeking parole receives an opportunity to be heard, a notification of the reasons as to denial of parole, and access to [the inmate's] records in advance, that should be the beginning and end of the inquiry into whether the inmate received due process.") (internal brackets, quotation and citation omitted).

Here, the record shows petitioner received at least the process found by the Supreme Court to be adequate in Cooke. Specifically, the record shows the following: petitioner was represented by counsel at the hearing (Ex. 1 Ex. A at 2:9-10); petitioner and his attorney had access, in advance of the hearing, to the documents reviewed by the Board at the hearing, and petitioner's counsel objected to the Board's use of certain documents and submitted additional documents for the Board's review (id. at 6:22-7:2, 8:17-14:24); the Board read into the record the facts of the commitment offense as described in the probation officer's report, and discussed with petitioner the circumstances surrounding the offense (id. at 17:6-28:19); the Board discussed with petitioner his personal background, his parole plans, his

5

achievements while incarcerated, and the mental health reports prepared for the hearing (id. at 29:20-57:18); petitioner's counsel questioned petitioner, and both petitioner and his counsel made statements advocating petitioner's release (id. at 70:23-82:17); petitioner received a thorough explanation as to why the Board denied parole (id. at 83-89).

Further, because California's "some evidence" rule is not a substantive federal requirement, whether the Board's decision to deny parole was supported by some evidence of petitioner's current dangerousness is not relevant to this Court's decision on the instant petition for federal habeas corpus relief. Cooke, 131 S. Ct. at 862-63. The Supreme Court has made clear that the only federal right at issue herein is procedural; consequently, "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id. at 863.

Similarly, no federal concern is implicated by the Board's decision to deny petitioner parole for three years, rather than a shorter period. Such decision is purely a matter of the Board's application of state law; consequently, federal habeas corpus relief is unavailable for any alleged error by the Board in its decision. Cooke, 131 S. Ct. at 861.

In sum, as the record shows petitioner received all the process to which he was constitutionally entitled, the Court finds no federal due process violation occurred, and accordingly, habeas relief will be denied on this claim.

2. Breach of Plea Agreement

Petitioner next argues that the Board's determination that petitioner was not suitable for parole violated the plea agreement petitioner entered in 1989 in connection with his guilty plea. Specifically, petitioner asserts that he reasonably believed his agreement to a sentence of twenty-seven years to life in state prison meant (1) that he would be released either upon his satisfaction of the requirements for release at his minimum eligible parole date ("MEPD"), or no later than his having served twenty-seven years, and (2) that he would remain on parole for the rest of his life.

Petitioner claims his understanding is based on the following statements made at his sentencing hearing:

| | |
|---|---|
| The Court: | The Probation Department has submitted to this court a report consisting of some 14 pages, which I have read and considered. |
| | There are no statements in aggravation or mitigation filed by the Defense or the People. |
| | This was a plea? |
| [Defense Counsel]: | Yes, your honor. |
| The Court: | To a violation of 187, murder, with the admission of the use of a firearm for a term of 27 years to life. Correct? |
| [Defense Counsel]: | Correct, your honor. |
| [The Prosecutor]: | Yes, your honor. |

(Answer Ex. 1 Ex. D (Sentencing Transcript) at 2:18-26.)

The Superior Court rejected petitioner's claim, finding as follows:

> Finally, the court rejects the Petitioner's contention that the denial of parole following a finding of unsuitability by the Board violates the terms of his plea agreement. The petitioner agreed to a bargain that subjected him to a life sentence. An indeterminate sentence is, in legal effect, a sentence for the maximum term unless the parole authority acts to fix a shorter term. See In re Dannenberg (2005) 34 Cal. 4th 1061, 1097-98; In re Honesto (2005) 130 Cal. App. 4th 81, 92-93. The relevant statutes and regulations that govern parole clearly do not entitle a prisoner to release on parole, regardless of the amount of time served, unless the Petitioner is found suitable for parole. See Honesto, supra, 130 Cal. App. 4th at 92-93.

(Answer Ex. 2 at 2.)

"[D]ue process rights conferred by the federal constitution allow [a defendant] to enforce the terms of [his] plea agreement." Brown v. Poole, 337 F. 3d 1155, 1159 ( 9th Cir. 2003). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971); see also Brown, 337 F. 3d at 1159 (holding prosecutor's promise, that petitioner would be released on parole after serving half of minimum sentence discipline-free, was binding).

It is clearly established federal law that the interpretation of state court plea agreements, and all contractual obligations resulting therefrom, are generally matters of state

7

law. See Buckley v. Terhune, 441 F.3d 688, 694-695 (9th Cir. 2006). "Plea agreements are contractual in nature and are measured by contract law standards." Brown, 337 F. 3d at 1159 (internal quotation and citation omitted). California law requires that courts first look to the plain meaning of the agreement's language. See Buckley, 441 F.3d at 695 (citing Cal. Civ. Code §§ 1638, 1644). "Where it is clear from context what would reasonably have prompted acceptance of the agreement, even in part, no further speculative factual inquiry is needed." Brown, 337 F.3d at 1160.

In determining whether habeas relief is warranted, a district court must consider whether the state court's decision denying relief was "consistent with a proper application of state contract law in interpreting the plea agreement" and, if not, must find "the decision was an 'unreasonable application of' clearly established federal law." Davis v. Woodford, 446 F.3d 957, 962 (9th Cir. 2006). Under California law, "[a] plea agreement violation claim depends upon the actual terms of the agreement, not the subjective understanding of the defendant . . . ." In re Honesto, 130 Cal. App. 4th 81, 92 ( 2005).

Here, petitioner has not pointed to any evidence that demonstrates a term of the plea agreement was breached. To the extent petitioner contends there was an agreement for his release after he reached his MEPD, such claim fails because petitioner has provided no evidence that his plea bargain included a promise that he would be released on parole after he reached any specific number of years in custody. Rather, the sentencing transcript clearly reflects an indeterminate sentence of twenty-seven years to life on a first degree murder conviction. (Answer Ex. 1 Ex. D at 17:18-18:8.) As the Superior Court reasonably determined when denying habeas relief, petitioner's twenty-seven years to life sentence has a life maximum, and his plea bargain subjected him to possible life imprisonment.

Additionally, to the extent petitioner's argument is that he is entitled to be released because he has met the minimum eligibility requirement of not being a current danger to the public, such claim essentially amounts to a challenge to the sufficiency of the evidence to support the denial of parole and fails under Cooke, as discussed above.

Accordingly, for the foregoing reasons, the Court finds the state court's denial of

8

petitioner's claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

C.  Certificate of Appealability

A certificate of appealability will be denied with respect to the Court's denial of the instant petition. See 28 U.S.C. § 2253(c)(1)(a); Rules Governing Habeas Corpus Cases Under § 2254, Rule 11 (requiring district court to issue or deny certificate of appealability when entering final order adverse to petitioner). Specifically, petitioner has failed to make a substantial showing of the denial of a constitutional right, as he has not demonstrated that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The petition for a writ of habeas corpus is hereby DENIED.

2. A certificate of appealability is hereby DENIED.

The Clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED: May 2, 2011

_____
MAXINE M. CHESNEY
United States District Judge